UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

| | | |
|---|---|---|
| **JAMES KUHN** | * | **NO.** |
| | * | |
| | * | |
| **VERSUS** | * | **DIV.** |
| | * | |
| | * | |
| **WINN-DIXIE MONTGOMERY, LLC** | * | **MAG.:** |
| **AND COCA-COLA BOTTLING** | * | |
| **COMPANY UNITED, INC.** | * | |
| | * | |
| | * | |
| **FILED:**_____ | * | _____ |
| | * | **DEPUTY CLERK** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The complaint of James Kuhn (hereinafter sometimes referred to as "Complainant"), a person of the full age and majority and a resident of and domiciled in the City of Slidell, Parish of St. Tammany, State of Louisiana, respectfully represents the following, to-wit:

1.

Made defendants herein are:

a. Winn-Dixie Montgomery, L.L.C. (hereinafter referred to as "Winn Dixie"), a Florida limited liability company, licensed to do and doing business in Louisiana with its registered principal business office in Duval County, Florida;

b. Coca-Cola Bottling Company United, Inc. (hereinafter referred to as "Coca-Cola"),

1

an Alabama corporation, licensed to do and doing business in Louisiana, with its

registered principal business office in Jefferson County, Alabama.

2.

This court holds actual jurisdiction under the provisions of 28 U.S.C. section 1332,

since the action is a controversy wholly between citizens of different states and the matter

in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and since

the accident occurred in the State of Louisiana, the substantive law of the State of

Louisiana shall apply. Venue is properly before this court since the accident and cause of

action which forms the basis for this complaint occurred in St. Tammany Parish, State of

Louisiana, which is within the geographical boundaries of the United States District Court

for the Eastern District of Louisiana

3.

Defendants, Winn-Dixie and Coca-Cola, are each individually, jointly, severally, and *in*

*solido* justly and truly indebted unto your complainant in an amount to be determined by this

Honorable Court, together with interest thereon from the date of judicial demand and for all costs

of these proceedings for the following cause, to-wit:

4.

On the 20th day of November 2020, at approximately 9:30a.m. in St. Tammany Parish,

State of Louisiana, complainant, James Kuhn, was shopping in Winn-Dixie, located at 2985 Gause

Blvd, Slidell, Louisiana 70461 and owned by Winn-Dixie Montgomery, L.L.C. As complainant

2

was shopping, suddenly and without warning, as he rounded a large Coca-Cola floor display, he tripped on part of the display which extended frontward, very low to the ground, and unable to be seen by a customer approaching the display from the side. The display was designed and assembled by employees of Coca-Cola Bottling Company United, Inc. The fall resulted in a painful, severe, and permanent personal injuries, all as will be more fully set forth hereinafter and which shall be established at the trial of this matter.

5.

Complainant alleges that the cause of the aforesaid incident and the damages sustained was the gross and wanton negligence, of Winn-Dixie, Coca-Cola, and their employees in the following, but not limited, particulars, to-wit:

1. Underestimating the gravity of their duty to protect the public from unreasonable harm;

2. Failure to properly supervise and/or maintain its premises and employees at all times;

3. Unreasonably assessing the risk of harm as lower that the cost of its remedy;

4. Failure to properly train its employees;

5. Creating and/or maintaining an unreasonable risk of harm by failing to properly survey, inspect, repair, and maintain their premises free of unreasonably dangerous defects;

6. Creating and/or maintaining a reasonable risk of harm by failing to train and supervise its employees;

7. Failure to warn their customers of the dangerous condition;

8. Creating a dangerous condition that presented foreseeable harm;

9. Failing to stop and/or prevent dangerous and foreseeably harmful behavior and/or

3

conditions within the physical presence of their customer;

10. Failure to exercise reasonable care to prevent injury to their customers;

11. Failing to inspect and maintain the safety of the stores' floors from hazards;

12. Failure to take all precautions to avoid this casualty;

13. Having an unreasonable risk of harm within their care, custody and control that was the cause-in-fact of injuries to the complainant;

14. Failure to divert customers from the foreseeable vicinity of possible harm;

15. Failure to repair and/or remove an unreasonably dangerous defect;

16. Failing to exercise reasonable care;

17. Failing to prevent damage that could have been avoided by its exercise of reasonable care;

18. Creating and/or maintaining a dangerous condition that in turn caused foreseeable injuries;

19. Carelessness;

20. Recklessness;

21. Heedlessness;

22. Any other act of negligence discovered before trial of this matter.

6.

The aforesaid accident was caused solely by the negligence of Winn Dixie and/or Coca-Cola and their employees, for whom they are responsible vicariously or through the doctrine of *respondeat superior*.

7.

Complainant alleges, at all times mentioned herein and pertinent hereto, Winn-Dixie and/or

Coca-Cola and their employees may have had liability insurance policy(ies) in force and effect at the time of the subject accident that may be applicable, and if any insurer(s) of Winn-Dixie and/or Coca-Cola and their employees is/are hereafter discovered, complainant reserves his right to pursue said insurer(s) as defendant(s) herein.

8.

Complainant Kuhn itemizes his damages, as follows:

a.    Past, present, and future pain and suffering;

b.    Past, present, and future mental anguish;

c.    Past, present, and future medical expenses;

d.    Loss of earning capacity;

e.    Past, present, and future lost wages;

f.    Past, present, and future loss of enjoyment of life;

g.    Disability; and

h.    All other items of general and/or special damages which may be established before the trial of this matter.

9.

Complainant had made amicable demand to no avail.

10.

Complainant seeks all further damages and relief equitable under the circumstances.

11.

Complainant desires and is entitled to judgment herein against the defendants in a

reasonable amount to be determined by this honorable court for his damages, which are more than

$75,000.00, exclusive of interest, costs, penalties and attorney's fees.

WHEREFORE, Complainant James Kuhn prays that the defendants be duly cited

to appear and answer this complaint, that they be served with a copy of same, and that after due

proceedings are had herein, there be judgment in his favor and against defendants, Winn-Dixie

Montgomery, L.L.C. and Coca-Cola Bottling Company United, Inc., individually, jointly,

severally, and/or *in solido*, in an amount to be determined by this honorable court together with

interest thereon from the date of judicial demand and for all costs of these proceedings.

Complainant further prays for all other relief, general and equitable.

RESPECTFULLY SUBMITTED:
BRICE JONES & ASSOCIATES, L.L.C.

PAUL D. HESSE (LSBA#22796)
61025 Highway 1091 (Robert Road)
Slidell, LA 70458
Telephone:   (985) 643-2413
Facsimile:   (985) 649-5830
E-Mail:   paul@bricejoneslaw.net

Attorneys for Plaintiff, James Kuhn

**For purposes of service of process upon the named defendants at the below following addresses, please certify the concurrently submitted summons pursuant to Rule 4 of FRCP:**

WINN-DIXIE MONTGOMERY, L.L.C.
Through its agent for service of process,
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LOUISIANA     70802

6

COCA-COLA BOTTLING COMPANY UNITED, INC.
Through its agent for service of process,
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LOUISIANA          70816